UNITED STATESS DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARK COUNCIL,                                          CV 09-2905 (BMC)

                Plaintiff,                                     ANSWER

    - against –
                                                                   JURY TRIAL DEMANDED
THE CITY OF NEW YORK, ABRAHAM
BADILLO (SHIELD NO. 13775), JOHN DOE 1
(representing an unidentified police officer),


                Defendants.
------------------------------------------------------------X

       Defendant[1] The City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, answering the Amended Complaint, dated July 3, 2009 ("complaint"):

       1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff has commenced an action as stated therein.

       2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base venue in this district as stated therein.

       4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

---

[1] According to the docket sheet, the individually named defendant, Abraham Badillo, Shield No. 13775, has not yet been served with process in this action.

5. Admits the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admit that the City maintains a police department known as the New York City Police Department, refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department, and states that the allegations regarding the City's and the NYPD's responsibilities are legal conclusions which do not require a response.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff purports to proceed as stated therein.

8. Denies the allegations set forth in paragraph "8" of the complaint except admits that plaintiff purports to proceed as stated therein.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that plaintiff was arrested on April 14, 2009 in the vicinity of 5612 Farragut Road in Brooklyn, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's age, residence and criminal record.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff was handcuffed and placed in the back seat of a car.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff was taken to a precinct stationhouse and placed in a holding cell.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff was transported to a central booking facility in Brooklyn.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admit that Abraham Badillo spoke to a representative of the Kings County District Attorney's Office.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations whether charges were filed.

17. Denies the allegations set forth in paragraph "17" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations whether charges were filed.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. In response to paragraph "20" of the complaint, defendant repeats the responses set forth in the previous paragraphs as though fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to paragraph "22" of the complaint, defendant repeats the responses set forth in the previous paragraphs as though fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to paragraph "26" of the complaint, defendant repeats the responses set forth in the previous paragraphs as though fully set forth herein.

### FIRST AFFIRMATIVE DEFENSE

27. The complaint fails to states a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

28. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

29. Plaintiff provoked or was at fault for the incident.

### FOURTH AFFIRMATIVE DEFENSE

30. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant.

### FIFTH AFFIRMATIVE DEFENSE

31. There was probable cause to arrest and prosecute plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

32. Punitive damages cannot be assessed as against the City of New York.

WHEREFORE defendant The City of New York demands judgment

- 5 -

dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         October 6, 2009

                            Respectfully submitted,

                            MICHAEL A. CARDOZO
                            Corporation Counsel Of The City of New York
                            *Attorney for Defendant*
                            THE CITY OF NEW YORK
                            100 Church Street, Room 3-162
                            New York, New York  10007
                            (212) 788-9391
                            bmyrvold@law.nyc.gov

By: _/s/ Barry Myrvold_
     Barry Myrvold

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2009, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

By ECF:

Robert Marinelli
Law Office of Robert Marinelli
*Attorneys for Plaintiff*
305 Broadway, 14th Floor
Brooklyn York, NY 11242
(212) 822-1427


DATED:   New York, New York
         October 6, 2009

_____
Barry Myrvold

- 6 -