UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mark Council,<br><br>　　　　　Plaintiff,<br><br>　　　　　-against-<br><br>THE CITY OF NEW YORK, ABRAHAM BADILLO (SHIELD NO. 13775), POLICE OFFICER HERNANDEZ (AN OFFICER ASSIGNED TO PSA1) Defendants. | **FIRST AMENDED COMPLAINT**<br><br>09 CV-2905 (BMC)<br><br><br>Jury Trial Demanded |

## PRELIMINARY STATEMENT

1.　　This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under Fourth, Sixth, and Fourteenth to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York.　The case arises from an April 14, 2009 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, assault and battery, and fabricated evidence.

## JURISDICTION & VENUE

2.　　This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.　Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District.

**PARTIES**

4. Plaintiff is a resident of the State of New York, County of Kings.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. The New York City Police department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

7. Abraham Badillo is a member of the 801 Command who violated plaintiff's rights as described herein. Badillo is sued in his individual and official capacity.

8. Officer Hernandez is a member of the PSA1 Command who acted in concert with defendant Badillo in violating plaintiff's rights. Officer Hernandez is sued in his individual and official capacities.

**STATEMENT OF FACTS**

9.      On April 14, 2009, at approximately 12:55 p.m., in the vicinity of 5612 Farragut Road, Brooklyn, New York, Officer Badillo and Officer Hernandez arrested plaintiff without cause and falsely charged him with resisting arrest, disorderly conduct and spitting on the sidewalk.  Plaintiff is a thirty-six year old Brooklyn resident with no criminal record

10.     At all relevant times, plaintiff was not involved in criminal activity. Plaintiff was merely walking home from a friend's house when he was beckoned by Officer Badillo.  When Officer Badillo questioned plaintiff, plaintiff replied "frisk me, all I have is a video game and my house keys".  Plaintiff supplied Officer Badillo with identification, while Officer Hernandez frisked plaintiff.  When plaintiff objected to this intrusion, Officer Badillo grabbed plaintiff by the collar and tossed plaintiff roughly against a parked car.

11.     Handcuffed plaintiff was placed in the back seat.  When plaintiff objected to the tightness of his handcuffs, Officer Hernandez jabbed plaintiff three times in the chest.  The officers then drove plaintiff somewhere behind Kings Plaza and began questioning about his purported gang affiliation.  When plaintiff explained he was not a member of any gang and objected to his treatment, Officer Hernandez jabbed plaintiff with a police-stick.

12.     Plaintiff was subsequently taken to the Police Precinct and placed in a holding cell.  While being taken towards the holding cell, Officer Badillo whispered physical threats to plaintiff's physical safety..

13.     At approximately 11:30 p.m., plaintiff was taken to Brooklyn Central Booking to await arraignment.

14. While plaintiff was awaiting arraignment, the officers who arrested plaintiff met with a prosecutor employed by the Kings County District Attorney's Office.

15. The officers falsely stated to the prosecutor that plaintiff committed various crimes, including, resisting arrest.

16. The District Attorney' Office, based solely on the officers' false statements, filed charges against plaintiff.

17. As a result of the aforesaid misrepresentation, misdemeanor charges were filed against plaintiff.

18. Plaintiff was arraigned on April 15, 2009 at approximately 12:00 a.m received an ACD.

19. As a result of defendants' actions, plaintiff experienced physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, pain and suffering, loss of liberty, and damage to reputation.

### FEDERAL LAW CLAIMS AGAINST BADILLO, AND HERNANDEZ

20. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-19 as if fully set forth herein.

21. The conduct of Police Officer Badillo and Officer Hernandez, as described herein, amounted to false arrest, excessive force, assault and battery, and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL LAW CLAIMS AGAINST THE CITY OF NEW YORK

22. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-21 as if fully set forth herein.

23. The City of New York directly caused the constitutional violations suffered by plaintiff.

24. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

25. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

26. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Costs, interest and attorney's fees;

      d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     November 9, 2009
                New York, New York

                Robert Marinelli
                26 Court Street, Suite 1815
                Brooklyn, New York 11242
                (718) 935-0100

                By:

                _____
                ROBERT MARINELLI (RM-4242)